**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEMARRIO V.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 14750** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO,** | ) | **Maria Valdez** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Demarrio V.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 12] is granted.

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On April 26, 2022, Plaintiff filed applications for DIB and SSI for disability beginning July 19, 2021. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on November 7, 2024. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert ("VE") Jacqueline Bethell also testified.

On November 25, 2024, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 19, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritis status post fractures of the left wrist, right hip, and left lower extremity. The ALJ concluded at step three that his impairments, alone or in

combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following non-exertional additional limitations: can only stand and/or walk for 2 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; never climb ladders, ropes, and scaffolds, crawl, or kneel; occasionally climb ramps and stairs, balance, stoop, or crouch; and must avoid concentrated exposure to wetness, vibration, and hazards.

At step four, the ALJ concluded that Plaintiff would be unable to perform any past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of

specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053.

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) The ALJ filed to include limitations from Plaintiff's severe let wrist impairment without explanation and (2) the ALJ improperly used Plaintiff's prior work history and his efforts to obtain work during the relevant time period to discount his credibility.

Regarding the ALJ's consideration of Plaintiff's prior work history and his efforts to obtain work during the relevant time period, the ALJ's error was twofold. First, the ALJ based her decision in part on the fact that Plaintiff's "job search also

suggests the possibility that if the employer had had such positions available, perhaps the claimant would not currently be claiming disability, and that the reason for the claimant's continued unemployment is not solely the alleged impairments." (R. at 104-05.) Defendant concedes that this is impermissible. (Resp. Br. at 6.) Indeed, the Seventh Circuit has explained that "[t]he job search, on its own, is not evidence that [a Plaintiff] embellished her pain, because a claimant who looks for work after claiming a painful disability may have a strong work ethic or overly-optimistic outlook rather than an exaggerated condition." *Gerstner v. Berryhill,* 879 F.3d 257, 266 (7th Cir. 2018). But this error is further compounded by the fact that, as Defendant points out, "the hearing transcript actually indicates the claimant testified he had *not* applied for jobs since his prior employment ended, so the ALJ made a factual mistake regarding plaintiff's testimony about searching for jobs." (Resp. Br. at 6 (citing R. at 30).) So, the ALJ made a factual error in stating that Plaintiff had searched for jobs after claiming disability, and then impermissibly based her denial of Plaintiff's claim on that erroneous statement.

Defendant contends that this is harmless error, because the ALJ also based her conclusion on Plaintiff's daily activities and the medical record, and would have reached the same conclusion. Perhaps this is so, but the Court cannot be sure. The ALJ explicitly stated that she would

> determine that [Plaintiff] [is] not disabled if [his] residual functional capacity and vocational abilities make it possible for [him] to do work which exists in the national economy, but [he] remain[s] unemployed because of an inability to get work, lack of work in [his] local area, the hiring practices of employers, technological changes in the industry [he] last worked in, cyclical economic conditions, no job openings for [him],

> [he] would not actually be hired to do work [he] could otherwise do, or [he] do[es] not wish to do a particular type of work.

R. at 104. Then, the ALJ said that Plaintiff's job search suggests that Plaintiff's unemployment was not solely due to his alleged impairments. (R. at 104-05.) The Court takes the ALJ at her word. She said she based her denial of Plaintiff's claim on this reasoning. The reasoning was impermissible and the factual predicate for the reasoning was incorrect.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the limitations relating Plaintiff's severe impairments are either included or, if they are not, there is adequate explanation as to why.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 12] is granted. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**

**ENTERED:**

**DATE: August 27, 2026**

Maria Valdez

**HON. MARIA VALDEZ**
**United States Magistrate Judge**